**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **PAUL YAMASHITA**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**WEX, INC.**,<br><br>Defendant. | Case No. 3:25-cv-2073-SI<br><br>**OPINION AND ORDER** |

Whitney Stark, ALBIES & STARK, 1500 Southwest First Avenue, Suite 1000, Portland, Oregon 97201; Rachel Soffin, PEARSON WARSHAW, LLP, 15165 Ventura Boulevard, Suite 400, Sherman Oaks, California 91403; Sophia G. Gold, KALIELGOLD PLLC, 490 Forty-Third Street, Number 122, Oakland, California, 94609; Melissa S. Weiner and Ryan T. Gott, PEARSON WARSHAW, LLP, 328 Barry Avenue South, Suite 200, Wayzata, Minnesota 55391. Of Attorneys for Paul Yamashita and Putative Class.

Matthew D. Colley, BLACK HELTERLINE LLP, 805 Southwest Broadway, Suite 2600, Portland, Oregon 97205; David R. Singh, WEIL, GOTSHAL & MANGES LLP, 201 Redwood Shores Parkway, Sixth Floor, Redwood Shores, California 94065-1134; David J. Lender, WEIL, GOTSHAL & MANGES LLP, 767 Fifth Avenue, New York, New York 10153. Of Attorneys for WEX, Inc.

**Michael H. Simon, District Judge.**

Plaintiff Paul Yamashita ("Yamashita" or "Plaintiff") filed this putative class action against WEX, Inc. ("WEX"), a workplace administrator for Consolidated Omnibus Budget Reconciliation Act ("COBRA") health care benefits. WEX also administers Flexible Savings

Accounts ("FSA") for persons enrolled in COBRA benefits. Yamashita alleges that WEX twice charged him a twenty-dollar online payment processing fee when he added money to his FSA while on COBRA benefits, once in December 2024 and again in January 2025. Yamashita claims that WEX violated Oregon's Unlawful Trade Practices Act ("UTPA") by charging him a processing fee. In addition, Yamashita asserts that WEX is unjustly enriched by retaining the processing fee.

Now before the Court is WEX's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court denies WEX's motion.

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a

plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

**BACKGROUND**

Yamashita is a resident of Portland, Oregon. Compl. ¶ 6 (ECF 1). WEX is headquartered in Portland, Maine, and incorporated in Delaware. *Id.* ¶ 7. WEX assists employers in administering COBRA health care benefits by managing election and premium payments, including managing customer payments to FSAs. *Id.* ¶¶ 7, 16-19. WEX does so through an online platform. *Id.* ¶¶ 4, 6-7.

Yamashita alleges that in December 2024, he contributed $16.32 to his FSA through WEX's website. *Id.* ¶ 35. The next month, Yamashita also contributed $16.32. *Id.* Both times, WEX added a $20 fee to the transaction. *Id.* ¶ 36. Yamashita alleges that this online processing ("OPP") fee is added to all online "one-time monthly premium payments, regardless of the form of payment." *Id.* ¶ 21.

Yamashita asserts that he believed that he had no choice other than to pay the OPP fee. *Id.* ¶ 22. He alleges that WEX fails reasonably to inform consumers that the OPP fee will be

charged by not informing them until checkout. *Id.* ¶ 23. Yamashita also alleges that WEX failed to disclose reasonable alternatives to paying the OPP fee, *id.* ¶ 24, and that WEX failed to disclose the true “nature” of the OPP fee, *id.* ¶ 32.

Yamashita filed suit as a putative class action under Rule 23 of the Federal Rules of Civil Procedure. *Id.* ¶ 48. Yamashita claims that WEX violated Oregon’s UTPA by imposing the fee and that WEX is unjustly enriched by retaining the fee. *Id.* ¶¶ 59-67, 101-05. Yamashita seeks relief under the UTPA through statutory damages of the greater of $200.00 or actual damages, punitive damages, appropriate equitable relief, and attorney’s fees and costs. *Id.* ¶ 81. Yamashita also seeks an order permanently enjoining WEX from charging the fee. *Id.* ¶¶ 82-87. Calling the fee an “overpayment,” Yamashita seeks relief for his unjust enrichment claim by the “disgorgement of all profits resulting from such overpayments.” *Id.* ¶¶ 104-05. Yamashita also requests as a remedy for his unjust enrichment claim the establishment of a constructive trust for him and prospective class members. *Id.* ¶ 105.

**DISCUSSION**

WEX moves to dismiss both of Yamashita’s claims under Rule 12(b)(6) for failure to state a claim. WEX argues that: (1) Yamashita fails to plead fraud with particularity; (2) the UTPA does not apply to the type of services provided by WEX; (3) Yamashita’s UTPA claim fails as a matter of law; and (4) Yamashita fails to state an equitable claim for unjust enrichment because he fails to plead the lack of an adequate remedy at law. WEX also requests incorporation by reference of health care benefits documents and screenshots of WEX’s online “payment workflow,” Singh Decl. ¶¶ 5-11 (ECF 15); *see also id.* Exhibits A-C. Yamashita objects to the submission of these documents as improper for a motion to dismiss. The Court begins by addressing the applicability of the extrinsic evidence to the pending motion.

**A. Evidentiary Dispute**

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). When, however, a plaintiff refers extensively to a document not attached to the complaint, or it forms the basis of a claim, courts may incorporate the document by reference. *Id.* at 1002.

A document is central to or forms the basis of a complaint if the complaint "necessarily relies" on it. *Ecological Rts. Found. v. Pacific Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

WEX argues that Yamashita has incorporated by reference health care benefits paperwork WEX mailed to Yamashita and screenshots of WEX's online "payment workflow" purportedly from when Yamashita signed up for his benefits. WEX focuses on Yamashita's allegation that "[t]hroughout the entirety of the Health Care Benefit sign up and payment process, WEX fails to reasonably inform consumers that the [fee] will be charged." Compl. ¶ 96; *see also id.* ¶ 67(c). WEX argues that this allegation demonstrates that the mailed paperwork and the screenshots form the basis of Yamashita's claim. Yamashita disputes the authenticity of both the mailed paperwork and online payment workflow screenshots.

WEX's argument stretches the incorporation by reference doctrine too far. Yamashita alleges that WEX did not reasonably inform consumers about the fee. This general allegation is insufficient to incorporate by reference all documents supposedly sent to Yamashita by WEX, or

all disclosures that might have been seen by Yamashita during an online signup process. Yamashita's claims do not necessarily rely on the mailed paperwork, nor on the online payment workflow. The authenticity of the documents also are disputed by Yamashita. The Court finds that the extraneous materials offered by WEX do not form the basis of Yamashita's complaint, and the Court declines to incorporate them by reference.

**B. Pleading with Particularity under Rule 9(b)**

WEX argues that Yamashita failed to plead his claims, which WEX contends sound in fraud, with particularity. Allegations of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). To allege fraud, a plaintiff must "set forth *more* than the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superseded by statute on other grounds*). The circumstances of the alleged fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (cleaned up).

The applicability of Rule 9(b) depends on whether Yamashita's claims are "grounded in fraud." *Vess*, 317 F.3d at 1103-04 ("In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).").

For the unjust enrichment claim, "[t]he Oregon Supreme Court . . . noted [that] this body of law is 'notoriously difficult to conceptualize and to summarize.'" *Emanuel Displaced Persons Ass'n 2 v. City of Portland*, 704 F. Supp. 3d 1088, 1107 (D. Or. 2023) (quoting *Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 124 (2017)). The Oregon Supreme Court in *Larisa's* explained, however, that fraud is one of the most recognizable sources of unjust enrichment, as reflected in Oregon case law and established authorities. *Larisa's*, 362 Or. at 133-35.

Yamashita's claims are based on the contention that he was deceived into paying an unexpected, misleading, and unlawful fee without adequate explanation or disclosure. This allegation sounds in fraud for both the UTPA and unjust enrichment claims and so both claims require pleading with particularity. *See Granados v. OnPoint Cmty. Credit Union*, 2023 WL 3570039, at *7 (D. Or. May 18, 2023) (applying Rule 9(b) to UTPA claim based on an allegation that the defendant "concealed and misrepresented the nature of its" services). The Court is mindful, however, that "claims under Oregon's UTPA are 'much more easily shown' than common law fraud claims." *Goren v. SMA Hub*, 2026 WL 2233777, at *4 (D. Or. Aug. 3, 2026) (quoting *Wolverton v. Stanwood*, 278 Or. 709, 713 (1977) (holding that "[t]he elements of common law fraud are distinct and separate from the elements of a cause of action under the [UTPA]")).

In his complaint, Yamashita includes a section that purports to conform with the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. *See* Compl. ¶¶ 40-47. The allegations here include, for example, "WHO: Defendant unfairly, deceptively, and/or misleadingly imposed" the fee on consumers paying for health care benefits. The "WHAT" includes a statement that "Defendant's conduct was, and continues to be, fraudulent because it hid, concealed, obfuscated or otherwise disguised additional charges to consumers paying for"

health care benefits. Yamashita's "WHEN" section fails to specify a time period, instead leaving it open to all putative class members in "the fullest period allowed by law." In his personal allegations, however, Yamashita states a period of December 2024 to January 2025. *Id.* ¶ 35.

Yamashita's complaint contains other allegations providing details regarding his claims. This includes that WEX failed to disclose reasonable alternatives to paying the OPP fee, *id.* ¶ 24, and failed to disclose the nature of the OPP fee, *id.* ¶¶ 32, 74. He emphasized that he was not informed of a reasonable alternative and believed that he had no choice but to pay the fee. *Id.* ¶ 37. Yamashita alleged that WEX made "partial representations" that "were false and misleading absent the omitted information." *Id.* ¶ 75.

There is sufficient detail in Yamashita's complaint to "give [WEX] notice of the particular conduct" such that it can "defend against the charge and not just deny that they have done anything wrong." *See Vess*, 317 F.3d at 1106 (quoting *Bly-Magee*, 236 F.3d at 1019). Yamashita has "set forth more than the neutral facts necessary to identify the transaction" for a violation of the UTPA and an unjust enrichment claim. *See Kearns*, 567 F.3d at 1124 (emphasis removed) (quoting *In re GlenFed*, 42 F.3d at 1548).[1]

[1] WEX also argues that Yamashita fails to allege a duty to disclose, and thus fails properly to allege fraudulent misrepresentation. Yamashita, however, alleges "partial representations," which is an allegation of "half-truths." Oregon law recognizes fraud based on "omission of a material fact needed to make a 'half-truth' not misleading." *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1142 (D. Or. 2020). Additionally, Oregon's UTPA expressly allows claims to be based on "a failure to disclose a fact." ORS § 646.608(2).

Plaintiff alleges that he received information about signing up for his COBRA and FSA payments that did not properly explain the existence and nature of the fee or reasonable alternatives to paying the fee, and that he would not have paid the fee had he understood it. This is sufficient at this stage to support a fraud claim. *See Martell*, 492 F. Supp. 3d at 1143 ("[I]n order adequately to demonstrate fraud based on a half-truth . . . Plaintiff must show that a relevant person: (1) heard the half-truth; and (2) would have behaved differently had the omitted information been disclosed." (quotation marks omitted)); *cf. United States v. Lloyd*, 807 F.3d 1128, 1153 (9th Cir. 2015) ("A broker cannot affirmatively tell a misleading half-truth about a material fact to a potential investor because the duty to disclose in these circumstances

**C. Whether WEX is Subject to Oregon's UTPA**

Before analyzing the sufficiency of WEX's UTPA claim as alleged, the Court considers if the UTPA applies to the circumstances of this case. WEX argues that the UTPA does not apply because WEX does not provide a service covered under the UTPA and instead its services are expressly exempted. WEX also argues that it did not sell or lease anything to Yamashita, and thus the UTPA does not apply.

**1. Whether the Services Provided by WEX are Subject to Oregon's UTPA**

WEX argues that "COBRA benefits" are not a covered service and instead are expressly exempted from the UTPA. The Court rejects WEX's characterization of what, precisely, must fall within the statute. It is not "COBRA benefits," but WEX's *services* in handling enrollment and premium payments for those benefits, and, in particular, in charging the OPP fee. The Court therefore analyzes WEX's arguments as to its services.

**a. Insurance Exemption Provision**

Oregon's UTPA "is to be interpreted liberally as a protection to consumers." *Denson v. Ron Tonkin Gran Turismo, Inc.*, 279 Or. 85, 90 n.4 (1977). It does, however, establish that "[r]eal estate, goods or services" as used in the statute "does not include insurance." ORS § 646.605(6)(a). WEX relies on this definition to argue that its services are exempt from coverage under Oregon's UTPA. Yamashita responds that an online platform administering health care benefits is not exempt from the UTPA, citing *Providence Health & Services v. Mancuso*, 323 Or. App. 573, 593 (2023).

---

arises from the telling of a half-truth, independent of any responsibilities arising from a truth relationship." (cleaned up)).

The Oregon Court of Appeals in *Providence Health* reversed the trial court's grant of summary judgment on a UTPA claim against a health plan administrator. *Id.* The Court did not, however, specifically address the issue of whether the administrator was subject to the insurance exemption of the UTPA.

No party cites any Oregon Supreme Court case on point. Because the Oregon Supreme Court has not specifically decided the question of whether a plan administrator is subject to the Oregon UTPA's insurance exemption, the Court must determine how the Oregon Supreme Court likely would decide this issue. *See In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990) (stating that without specific state supreme court guidance, a federal court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance").

WEX points to general guidance from the Oregon Legislative Policy and Research Office that "[t]he UTPA does not cover landlord/tenant disputes, business transactions with a pawnbroker or any insurance-related matters." Oregon Legislative Policy & Research Office, *The Unlawful Trade Practices Act: Background Brief* (Feb. 2017), https://www.oregonlegislature.gov/lpro/Publications/BB2016TheUnlawfulTradePracticesAct.pdf. Plaintiff relies on *Providence* and the fact that WEX does not sell insurance but simply processes COBRA enrollment and payment.

As noted, the Oregon Court of Appeals applied the UTPA to an entity offering similar services as WEX, albeit without specifically analyzing the insurance exception clause. *Providence Health*, 323 Or. App. at 578-82. The entity in *Providence Health* administered health care plans, *id.* at 575, making it more closely attenuated to providing insurance services, whereas WEX simply handles elections and payment for COBRA benefits. Furthermore, the fee at issue

is a processing fee relating to WEX's services, and not a premium or anything related to the underlying insurance benefits. This supports that Oregon would apply its UTPA to WEX and the OPP fee.

Moreover, Oregon's UTPA is predominantly drawn from the Uniform Deceptive Trade Practices Act ("UDTPA"). *See State ex rel. Rosenblum v. Living Essentials, LLC*, 371 Or. 23, 42 (2023). As such, "commentary relating to the uniform act and other cases interpreting similar statutes based on the uniform act may be instructive." *Foraker v. USAA Cas. Ins. Co.*, 2019 WL 486177, at *1 (D. Or. Feb. 7, 2019); *see also W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 363 n.2 (1991) ("Because our statute is based on a uniform law there exist[s] useful commentary on the Uniform Act, instructive case law from other uniform-law jurisdictions, and informative academic treatment of the subject."). Because the UTPA is focused on consumers and the UDTPA is focused on commercial competition, however, cases construing the UDTPA or commercial competition are of "limited value in discerning the legislative intent behind" Oregon's UTPA. *Denson*, 279 Or. at 90 n.4.

Other jurisdictions construing similar statutes aimed at protecting consumers have applied the statutes to health benefit administrators. *See, e.g.*, *Rutherford v. Health Care Serv. Corp.*, 2025 WL 3688075, at *2-3 (D. Mont. Dec. 1, 2025) (applying Montana's UTPA to a health care plan administrator); *Alaska v. Express Scripts, Inc.*, 2024 WL 2321210, at *7-8 (D. Alaska May 22, 2024) (allowing Alaska UTPA claim to proceed against drug program administrator and rejecting application of the insurance exemption in the statute). Indeed, the Northern District of California recently applied California's similar consumer protection statute, the Consumers Legal Remedies Act, to WEX for its OPP fee. *Patterson v. WEX, Inc.*, 2026

WL 370183, at *5 (N.D. Cal. Feb. 10, 2026). This body of law also supports that the Oregon Supreme Court would apply Oregon's statute here.

The Court does not find the general statement in the *Background Brief* to be persuasive evidence that the Oregon Supreme Court would find the services provided by WEX exempted from the UTPA. The Court is persuaded by the fact that the Oregon Court of Appeals and cases from other jurisdictions have applied UTPA statutes to similar services provided to Yamashita by WEX, including the *Patterson* case that applied a similar statute to exactly the same service at issue. The Court also finds that the Oregon Supreme Court would conclude that general administration of elections and premiums, and particularly a processing fee charged for payment services, is too attenuated from insurance to be considered covered by the insurance exception in § 646.605(6)(a). Accordingly, the Court rejects this portion of WEX's motion.

**b. Covered Services**

WEX argues that it was hired by Yamashita's former employer to handle COBRA elections and premium payments, and it was thus not "selling or leasing anything to Plaintiff" and the UTPA does not apply. The Oregon Court of Appeals in *Providence Health*, however, rejected this argument. 323 Or. App. at 585-87 (rejecting argument that the "plaintiff cannot avail itself of the UTPA because it is not a consumer of defendant's services," in part because in 1975 "the statute was amended to eliminate the requirement that the person must have purchased or leased goods or services"). The court in *Patterson* also rejected a similar argument. 2026 WL 370183, at *5. The Court follows these persuasive authorities.

Additionally, the UTPA applies broadly to entities providing services where, "in the course of the person's business," the person engages in prohibited conduct, including misrepresenting the characteristics of services and misrepresenting the cost of services.

ORS §§ 646.608(1), (1)(e), (s). Misrepresentations include failures to disclose. ORS § 646.608(2). Plaintiff sufficiently alleges that WEX's conduct is covered by the UTPA.

**D. Plaintiff's Claim under Oregon's UTPA**

The UTPA provides a private right of action for any person who suffers "an ascertainable loss of money . . . as a result of another person's willful use" of any unlawful trade practice enumerated in ORS § 646.608. ORS § 646.638(1). To state a claim under the UTPA, Yamashita must plausibly allege that: (1) WEX committed an unlawful trade practice under ORS § 646.608, (2) Yamashita suffered an ascertainable loss of money or property, and (3) the loss was caused by the unlawful trade practice. *See* ORS § 646.638(1); *Bohr v. Tillamook Cnty Creamery Ass'n*, 373 Or. 343, 348-49 (2025).

WEX raises two arguments in contending that Yamashita's UTPA claim fails as a matter of law. First, because the alleged conduct was not misleading or fraudulent as a matter of law, based on the disclosures from WEX's extrinsic evidence. As explained above, however, the Court declines to consider that evidence. Yamashita "plausibly alleges that [WEX] deceptively characterizes the OPP Fee as a necessary 'processing' fee for online payments when it is instead an additional charge unrelated to [WEX's] transaction costs." *Patterson*, 2026 WL 370183, at *4. Yamashita also plausibly alleges that WEX failed properly to disclose reasonable alternatives to paying the fee.

WEX next argues that Yamashita only asserts a claim under the Oregon UTPA "catch-all provision," subsection (1)(u), which prohibits "any other unfair or deceptive conduct in trade or commerce." ORS § 646.608(1)(u). WEX contends that Yamashita is foreclosed from relying on this provision by ORS § 646.608(4), which requires that a plaintiff may invoke subsection (1)(u) only if the Oregon Attorney General has promulgated administrative rules declaring the relevant

specific conduct "unfair or deceptive." ORS § 646.608(4). The Court agrees, and Yamashita may not rely on this specific provision.

Although Yamashita does not allege any other specific provision of the UTPA in his claim, he generally states that WEX engaged in "the unlawful methods, acts or practices alleged herein" and specifically alleges that "WEX advertises, displays, and offers to customers that they will pay one price throughout the Health Care Benefit sign up process and in making premium payments, but this is false because WEX applies mandatory [fees] at the very end of the online payment process." Compl. ¶ 67(b)-(c). In his response to the Motion to Dismiss, Yamashita contends that he is bringing his UTPA claim under § 646.608(1)(e), asserting that WEX represented that its services had characteristics they did not have, and (1)(s), asserting that WEX made "false or misleading representations of fact concerning the offering price of, or the person's cost for . . . goods or services." The Court finds that Yamashita's complaint provides sufficient notice of a UTPA claim based on these two specific provisions. Accordingly, the Court denies this portion of WEX's motion to dismiss.

**E. Plaintiff's Claim for Unjust Enrichment**

WEX argues that Yamashita is not entitled to an equitable remedy under the doctrine of unjust enrichment because Yamashita failed properly to allege that there is not an adequate remedy at law. WEX relies on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). The Ninth Circuit stated in *Sonner*, which involved a claim that had been litigated for years and was on the eve of trial, that the plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm." *Id.* at 844.

District courts in this circuit are split as to the application of *Sonner* at the early pleading stage, with the "majority" interpreting *Sonner* as not "to require dismissal of equitable claims at the pleading stage." *Biederman v. FCA US LLC*, 765 F. Supp. 3d 920, 944 (N.D. Cal. 2025),

*motion to certify appeal granted, reconsideration denied*, 2025 WL 1266907 (N.D. Cal. May 1, 2025). The Ninth Circuit, however, last year evaluated *Sonner* and other circuit cases and summarized the state of a federal court's equitable jurisdiction as follows:

> [F]ederal courts in diversity cases apply federal principles of equitable jurisdiction; a plaintiff who fails to allege the lack of an adequate remedy at law cannot utilize a federal court's equitable jurisdiction; equitable jurisdiction is not a matter of subject matter jurisdiction; and when a case is initially filed in federal court and the defendant demonstrates that equitable jurisdiction is lacking, a court must dismiss the case, but without prejudice.

*Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 912 (9th Cir. 2025), *cert. denied*, 224 L. Ed. 2d 528 (Apr. 27, 2026). The Court thus evaluates whether Yamashita adequately has alleged the lack of an adequate remedy at law.[2]

The Ninth Circuit in *Sonner* noted that a complaint must "allege that [the plaintiff] lacks an adequate legal remedy," 971 F.3d at 844, but "nothing in *Sonner* precludes plaintiffs from doing so in the alternative to remedies at law." *Cepelak v. HP Inc.*, 2021 WL 5298022, at *2 (N.D. Cal. Nov. 15, 2021); *see also* Fed. R. Civ. P. 8(a)(3) (allowing demands for relief in the alternative). "The relevant inquiry is not what other claims the plaintiffs have raised, but whether they have plausibly alleged the inadequacy of legal remedies for each claim for equitable relief that they seek." *Cepelak*, 2021 WL 5298022, at *2.

---

[2] The burden to *allege* an adequate remedy at law, however, is not same as "establishing" or "showing" it, which is better left to a later stage of proceedings. *See, e.g.*, *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1142 (9th Cir. 2025) (discussing that the plaintiff's failure to prove the alternative legal claim at summary judgment was insufficient to "to show that their remedy at law was inadequate," and thus the equitable claim should have been dismissed at that time without prejudice); *Sonner*, 971 F.3d at 844 (stating that "[i]nitially" a complaint must "allege that [the plaintiff] lacks an adequate legal remedy" and then analyzing "the record" to determine whether the inadequacy has been shown). The Court thus considers whether Yamashita's "complaint contains *no* allegations as to why []he lacks an adequate remedy at law for [his] disgorgement and restitution claims." *Clark v. Eddie Bauer LLC*, 2024 WL 177755, at *2 (9th Cir. Jan. 17, 2024) (unpub) (emphasis added).

Plaintiff's unjust enrichment claim seeks restitution in the form of disgorgement of all profits. Plaintiff's UTPA claim seeks statutory damages of up to $200 or "actual damages." It appears that "actual damages" would be the fee paid. The restitution claim does not seek disgorgement of the entire fee, but only "profits" for the "overpayment." Thus, Yamashita has provided sufficient allegations showing how the "money they seek through restitution is . . . different than the money they seek as damages." *See In re Apple Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023) (unpub); *McCausland v. PepsiCo, Inc.*, 769 F. Supp. 3d 1060, 1067 (N.D. Cal. 2025) ("To plausibly allege that a party lacks an adequate legal remedy, however, plaintiffs must 'explain how the money they seek through restitution is any different than the money they seek as damages.'" (quoting *In re Apple Processor*, 2023 WL 5950622, at *2)).

Additionally, the equitable relief requested in the form of an injunction to prevent *future* harm is different in kind from money damages to recompense *past* harm. *See, e.g.*, *Esgate v. Home Depot U.S.A.*, 2025 WL 1207217, at *9 (D. Or. Apr. 24, 2025) (quoting the underlying complaint in explaining how an injunction against future harm is different from retrospective money damages); *Andino v. Apple*, *Inc.*, 2021 WL 1549667, at *5 (E.D. Cal. Apr. 20, 2021) ("Money damages are an inadequate remedy for future harm, as they will not prevent Defendant from continuing the allegedly deceptive practice.").[3]

The Court rejects WEX's argument that Yamashita's unjust enrichment claim is barred because he does not sufficiently allege that he lacks an adequate legal remedy. WEX also argues

[3] Although WEX did not challenge the equitable relief sought by Yamashita for his UTPA claim, the Court must have equitable jurisdiction for all equitable relief requested, and may *sua sponte* consider the issue. *See Ruiz*, 153 F.4th at 917 (stating that "courts can raise the adequate-remedy-at-law issue *sua sponte*").

that Yamashita fails sufficiently to allege that WEX's retention of the OPP fee is "unjust" because Yamashita fails to allege an actionable omission. The Court, however, has determined that Yamashita plausibly alleges an actionable representation (the nature of the OPP fee) and omission (the half-truths regarding reasonable alternatives). This is sufficient. *See Larisa's*, 362 Or. at 133 ("A conclusion that one party has obtained benefits from another by fraud is . . . one of the most recognizable sources of unjust enrichment." (alteration in original) (quoting *Restatement (3d) Restitution and Unjust Enrichment* § 13, cmt. a, at 166)). WEX "has been unjustly enriched if [WEX] obtains benefits by making false representations" about the OPP fee. *See Larisa's*, 362 Or. at 135.

Finally, WEX moves to dismiss Yamashita's request in his unjust enrichment claim for the equitable relief of a constructive trust. WEX argues that a constructive trust "is not an independent substantive claim" but is merely an equitable remedy. Yamashita, however, alleges this as an equitable remedy for his unjust enrichment claim, not as a standalone cause of action. This argument is rejected.

## CONCLUSION

The Court DENIES WEX's Motion to Dismiss Plaintiff's Complaint, ECF 14.

**IT IS SO ORDERED**.

DATED this 15th day of September, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge